JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Terrell Owens's sole assignment of error alleges that his conviction for possession of cocaine was against the manifest weight of the evidence. Owens also argues that his conviction was based upon insufficient evidence.
The arresting officers testified that they observed Owens and another individual engaged in what appeared to be a drug transaction. One officer observed Owens drop something from his hand The officer found a rock of crack cocaine at Owens's feet. Owens made a statement to police that he was not selling cocaine. Owens stated that he smoked crack cocaine and that if he had known the officers were present, he would have eaten the cocaine.
We hold that the evidence, viewed in a light most favorable to the state, could have convinced a rational trier of fact that Owens was guilty beyond a reasonable doubt of possessing cocaine. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The jury chose to believe the testimony of the police officers. Following a review of the record, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Hildebrandt, JJ.